IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

IN ADMIRALTY

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:_____ |
| SUNCOAST SHIPPING, LLC | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT IN ADMIRALTY**

Plaintiff, Travelers Property Casualty Company of America, ("Travelers"), by its attorneys, Duane Morris LLP, as and for its Complaint for a declaratory judgment against defendant Suncoast Shipping, LLC ("Suncoast") alleges as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C. §2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

2.   This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

3.   The Court also has diversity of citizenship jurisdiction based upon 28 U.S.C. § 1332 in that plaintiff is a citizen of a state other than Florida and defendant is a citizen of Florida. The citizenship of the parties is diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff Travelers is a legal entity organized and existing under the laws of Connecticut with an office and principal place of business at One Tower Square, Hartford, Connecticut 06183-1190.

6.     Upon information and belief, Suncoast is a Limited Liability Company organized and existing under the laws of Florida with its principal office at 1401 N. US Highway 1, Fort Pierce, FL 34950.

## THE MARINE POLICY

7.     Upon information and belief, Frenkel & Co. ("Frenkel") is a licensed insurance broker and acted as Suncoast's insurance broker at all material times herein.

8.     In 2013, Suncoast approached Travelers to apply for Marine Insurance coverage for a Tug named the BILLY G (the "Tug" or the "BILLY G").

9.     Upon information and belief, the BILLY G was owned and operated by Safco Shipping Co.

10.    Travelers reviewed the information supplied to apply for insurance, and based upon the information supplied, agreed to bind Marine Insurance for Suncoast including hull insurance on the Tug.

11.    Travelers issued Marine Hull and Protection & Indemnity Policy No. ZOH-15N11069-13-ND to Suncoast effective February 6, 2013 to February 6, 2014 January 26, 2013 to January 26, 2014 (the "Policy").

12.    A copy of the Policy is Exhibit 1 hereto, and is incorporated herein as if set forth at length.

13. The Policy provides coverage against certain marine risks.

14. The coverage on the hull of the Tug BILLY G is for certain named perils.

15. The Protection & Indemnity coverage is for certain named perils.

16. The Policy is one of marine insurance and is governed by United States federal Admiralty law and by the Doctrine of *Uberrimae Fidei*.

17. Suncoast had a duty to exercise the Utmost of Good Faith when applying for and seeking the insurance from Travelers and during the term of the Policy.

18. When Suncoast applied for the coverage for the BILLY G, Suncoast did not disclose that it was not the owner of the Tug.

19. Had Suncoast disclosed that it was not the owner of the Tug BILLY G, the insurance would not have been agreed and the Policy would not have been issued.

20. Suncoast requested that the Policy be cancelled effective October 2, 2013.

21. The Policy was cancelled effective October 2, 2013.

22. On July 17, 2014, Suncoast presented a claim for the "total loss" of the Tug BILLY G.

23. Suncoast reported that the Tug is "a complete loss…encountered when it ended up in Cuban waters, particularly Moa Bay".

24. Suncoast further reported that "[T]he tug itself is to be considered a total loss and has been abandoned in Cuba."

25. In addition to the claim for the "total loss" of the Tug BILLY G, Suncoast has also demanded defense and indemnification for a lawsuit filed by Eddie Bodden, Feliz Terrero, Francisco Ortega, Marcelino Peralta, Victor Lacayo Lopez, and Julio Bringuez in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade, Florida, Case No. 2013-38537-CA-01 (the "Lawsuit" and, collectively, the "Claim").

26. A copy of the Complaint is Exhibit 2 hereto, and is incorporated herein as if set forth at length.

### FIRST CAUSE OF ACTION

27. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

28. Suncoast breached its duty of Utmost Good Faith and the doctrine of *Uberrimae Fidei*, by, *inter alia*, failing to disclose material information about the risk when seeking the coverage and during the Policy period.

29. Suncoast's breach of its duty of Utmost Good Faith renders the Policy void *ab initio*.

30. Travelers requests that the Court issue Judgment declaring the Policy void *ab intio*.

### SECOND CAUSE OF ACTION

31. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

32. Suncoast misrepresented, concealed or omitted material facts it had a duty to disclose when seeking coverage.

33. Suncoast's misrepresentations, concealment or omissions breached its legal duties to disclose including the duty of Utmost Good Faith and the doctrine of *Uberrimae Fidei*.

34. As a result of Suncoast's material misrepresentations, concealment or omissions, Travelers requests that the Court issue Judgment declaring the Policy void *ab intio*.

### ALTERNATIVE THIRD CAUSE OF ACTION

35. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

36. Upon information and belief, the Tug BILLY G was not lost.

37. Travelers requests that the Court issue Judgment declaring that the Claim is not covered as the Tug BILLY G was not lost.

## ALTERNATIVE FOURTH CAUSE OF ACTION

38. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

39. The Policy only covers the Tug against the risk of loss from Named Perils.

40. The claimed loss was not due to a Named Peril.

41. Travelers requests that the Court issue Judgment declaring that the alleged loss of the Tug is not covered for want of a Named Peril.

## ALTERNATIVE FIFTH CAUSE OF ACTION

42. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

43. The Policy only covers liabilities arising from Named Perils.

44. Some or all of the claims asserted in the Lawsuit were not due to a Named Peril.

45. Travelers requests that the Court issue Judgment declaring that the Claim is not covered for want of a Named Peril.

## ALTERNATIVE SIXTH CAUSE OF ACTION

46. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

47. The Policy only responds for fortuitous losses.

48. The claimed loss of the Tug was not due to a fortuity.

49.     Travelers requests that the Court issue Judgment declaring that the alleged loss of the Tug is not covered for want of a fortuity.

### ALTERNATIVE SEVENTH CAUSE OF ACTION

50.     Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

51.     The Policy covers only the interest of the owner of the Tug BILLY G.

52.     Upon information and belief, Suncoast was not the owner of the Tug BILLY G.

53.     Travelers requests that the Court issue Judgment declaring that Suncoast's Claim is not covered because it is not the owner of the Tug BILLY G.

### ALTERNATIVE EIGHTH CAUSE OF ACTION

54.     Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

55.     The Policy was cancelled effective October 2, 2013.

56.     The claimed loss of the Tug occurred after October 2, 2013.

57.     Travelers requests that the Court issue Judgment declaring that the loss of the Tug is not covered because the loss did not occur while the Policy was in effect.

### ALTERNATIVE NINTH CAUSE OF ACTION

58.     Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

59.     The Tug coverage is subject to the Absolute Warranty of Seaworthiness.

60.     Suncoast violated the Absolute Warranty of Seaworthiness precluding coverage.

61.     Travelers requests that the Court issue Judgment declaring there is no coverage for the Tug.

## ALTERNATIVE TENTH CAUSE OF ACTION

62. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

63. The Tug coverage is subject to the Negative Implied Warranty of Seaworthiness.

64. Suncoast violated the Negative Implied Warranty of Seaworthiness rendering the Policy Barge coverage unenforceable.

65. Travelers requests that the Court issue Judgment declaring the Policy coverage for the Tug unenforceable.

## ALTERNATIVE ELEVENTH CAUSE OF ACTION

66. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

67. The Tug BILLY G was not in a serviceable or seaworthy condition in violation of the Policy conditions which caused or contributed to the alleged loss of the Tug.

68. Travelers requests that the Court issue Judgment declaring there is no coverage for the Tug.

## ALTERNATIVE TWELFTH CAUSE OF ACTION

69. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

70. The Policy does not cover claims that would violate any United States economic or trade sanctions, including those provided by the Office of Foreign Assets control.

71. Paying the Claim would violate United States economic or trade sanctions.

72. Travelers requests that the Court issue Declaratory Judgment that there is no coverage for the Claim.

## ALTERNATIVE THIRTEENTH CAUSE OF ACTION

73. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

74. A Condition of Coverage under the Policy is that Suncoast Sue and Labor to avoid and or mitigate the claimed loss of the Tug failing which Travelers is not responsible for any resulting losses.

75. Suncoast did not meet its duty of Sue and Labor.

76. Suncoast's failure to comply with its duty to Sue and Labor precludes coverage for the claimed loss of the Tug.

77. Travelers requests that the Court issue Declaratory Judgment that the breach(es) of the Condition(s) of Coverage precludes coverage for the claimed loss of the Tug BILLY G.

## ALTERNATIVE FOURTEENTH CAUSE OF ACTION

78. Travelers repeats and re-alleges each and every allegation contained above as if fully set forth at length herein.

79. Upon information and belief, the alleged loss of the Tug was due to a lawful or unlawful taking, capture, seizure, arrest, restraint, detainment and/or requisition.

80. The Policy War, Strikes and Related Exclusions clause precludes coverage for the alleged loss of the Tug.

81. Travelers requests that the Court issue Judgment declaring there is no coverage for the Tug.

## ALTERNATIVE FIFTEENTH CAUSE OF ACTION

82. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

8

DM1\5004949.1

83. The Policy is subject to a Crew Warranty that the Tug BILLY G have no more than five (5) crew members on board at any time.

84. Upon information and belief, there were six (6) crew members on board the Tug BILLY G during the voyage that resulted in the Claim.

85. Travelers requests that the Court issue Declaratory Judgment that there is no and/or limited coverage for the Claim.

## ALTERNATIVE SIXTEENTH CAUSE OF ACTION

86. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

87. Suncoast failed to provide timely notice of the Lawsuit or the alleged loss of the Tug BILLY G.

88. The Policy requires prompt notice of the Lawsuit and the alleged loss of the Tug BILLY G.

89. Travelers requests that the Court issue Declaratory Judgment that there is no coverage for the Claim.

## ALTERNATIVE SEVENTEENTH CAUSE OF ACTION

90. Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

91. Suncoast failed to cooperate with Travelers in the defense of the Lawsuit or the alleged loss of the Tug BILLY G.

92. The Policy requires Suncoast cooperate with Travelers.

93. Travelers requests that the Court issue Declaratory Judgment that there is no coverage for the Claim.

### ALTERNATIVE EIGHTEENTH CAUSE OF ACTION

94.     Travelers repeats and realleges each and every allegation contained above as if fully set forth at length herein.

95.     The Claim is not of the type covered by the Policy.

96.     Travelers requests that the Court issue Judgment declaring the coverage for the Tug is void or unenforceable or the Claim not covered.

### ALTERNATIVE NINETEENTH CAUSE OF ACTION

97.     Travelers repeats and re-alleges each and every allegation contained above as if fully set forth at length herein.

98.     Travelers fulfilled all obligations to Suncoast that it had or may have had, under the Policy or otherwise, in all respects related to the Tug BILLY G and the Claim, and has no further obligation.

99.     Travelers requests the Court declare that Travelers has fulfilled all obligations to Suncoast that it had or may have had, under the Policy or otherwise, in all respects related to the Tug BILLY G and the Claim, and has no further obligation.

**WHEREFORE**, Travelers prays that this Court issue Judgment:

(1) declaring the Policy to be void *ab initio*; or

(2) in the alternative, declaring there is no coverage for the Claim under the Policy or otherwise; and/or

(3) further in the alternative, declaring the Policy coverage for the Tug BILLY G void, unenforceable or the Claim not covered; and/or

(4) further in the alternative, declaring there is no coverage for the Lawsuit under the Policy or otherwise; and/or

DM1\5004949.1

(5) declaring that Travelers has fulfilled all obligations to Suncoast under the Policy or otherwise, that it had or may have had in all respects related to the Tug BILLY G and the Claim, and has no further obligation; and

(5) awarding Travelers its legal fees and expenses and costs incurred herein; and

(6) for such other and further relief as the Court deems just and proper.

Dated: September 5, 2014                                    Respectfully submitted,

/s/ Harvey W. Gurland, Jr., P.A.

| | |
|---|---|
| James W. Carbin, Esq. | Harvey W. Gurland, Jr., P.A. |
| (*pro hac vice to be filed*) | Florida Bar No. 284033 |
| JWCarbin@duanemorris.com | HWGurland@duanemorris.com |
| P. Ryan McElduff, Esq. | Felice K. Schonfeld, Esq. |
| (*pro hac vice to be filed*) | Florida Bar No. 266523 |
| PRMcelduff@duanemorris.com | FKSchonfeld@duanemorris.com |
| **DUANE MORRIS LLP** | **DUANE MORRIS LLP** |
| One Riverfront Plaza | 200 S. Biscayne Boulevard |
| 1037 Raymond Boulevard | Suite 3400 |
| Suite 1800 | Miami, Florida 33131 |
| Newark, New Jersey 07102-5429 | Tel: 305.960.2200 |
| Tel: 973.424.2025 | Fax: 305.960.2201 |
| Fax: 973.556.1426 | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |