UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-14360-Civ-Middlebrooks/Lynch

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

v.

SUNCOAST SHIPPING, LLC,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Judgment, filed May 1, 2015. (DE 29). Defendant did not respond to Plaintiff's Motion by the deadline. Defendant has never appeared in this action and the Clerk entered default against Defendant on October 31, 2014. (DE 13).

### I. BACKGROUND

The Complaint alleges that Plaintiff Travelers Property Casualty Company of America ("Travelers") issued to Defendant Suncoast Shipping, LLC ("Suncoast") Marine Hull and Protection & Indemnity Policy No. ZOH-15N11069-13-ND effective February 6, 2013 to October 2, 2013 (the "Policy"). (DE 1, Complaint ¶ 1). The Policy provides coverage against certain marine risks and is one of marine insurance. (*Id.* at ¶¶ 12, 13). Suncoast approached Travelers to apply for Marine Insurance coverage for a Tug named the BILLY G. (*Id.* at ¶ 8). When Suncoast applied for coverage for the BILLY G, it did not disclose that did not own the Tug. (*Id.* at ¶ 18). Had Suncoast disclosed that it was not the owner of the Tug BILLY G, the Policy would not have been issued. (*Id.* at ¶ 19). On July 17, 2014 Suncoast presented a claim

for the "total loss" of the Tug BILLY G. (*Id.* at ¶¶ 22-24).[1] On September 5, 2014, Travelers filed this Complaint seeking a declaratory judgment that the Policy is void *ab initio* because Suncoast breached its duty of utmost good faith and because Suncoast misrepresented, concealed, or omitted material facts it had a duty to disclose when seeking coverage. The Complaint alleges this Court has jurisdiction over this action based on admiralty and diversity.

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). A "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

## III. DISCUSSION

Travelers moves for default judgment and seeks a declaration that the Policy is void *ab initio* due to Suncoast's misrepresentation and non-disclosure of the identity of the true owner of the Tug BILLY G. Marine insurance policies are governed by established federal admiralty law; in the absence of a federal admiralty rule, relevant state law applies. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313-14 (1955). The Eleventh Circuit has held that "a material misrepresentation on an application for marine insurance is grounds for voiding the policy." *HIH Marine Services, Inc. v. Fraser*, 211 F.3d 1359, 1363 (11th Cir. 2000). "A

---

[1] The value of the hull of the Tug BILLY G stated in the Policy is $350,000. (DE 30-1 at 30).

misrepresentation is material if 'it might have a bearing on the risk to be assumed by the insurer.'" *Id.* Other courts have held that misrepresentation of the identity of the vessel owners is material. *See, e.g., Great Lakes Reinsurance (UK) PLC v. Morales*, 760 F. Supp. 2d 1315, 1325-26 (S.D. Fla. 2010).

Here, it is admitted that Suncoast did not disclose the true identity of the owner of the Tug BILLY G, which was covered by the Policy. It is also admitted that Travelers would not have issued the Policy had Suncoast disclosed that it was not the owner of the BILLY G, which means the misrepresentation was material to Traveler's decision to insure. Thus, Travelers is entitled to a declaratory judgment by default that the Policy is void *ab initio* based on a material misrepresentation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment (DE 29) is **GRANTED**.

**DONE and ORDERED** in Chambers, at West Palm Beach, Florida this __ day of May, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record

3